UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CANOPY ENERGY CALIFORNIA, et al.<br><br>　　　　　　　Defendants. | Case No.:  19cv2291-LAB (MSB)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS** |

　　　Plaintiff Anton Ewing, a repeat filer of Telephone Consumer Protection Act (TCPA) claims, filed his complaint, bringing claim sunder the TCPA and California's Invasion of Privacy Act. Defendant Canopy Energy California then moved to dismiss for lack of jurisdiction and failure to state a claim (Docket no. 4). Ewing then filed an amended complaint (the "FAC"), as permitted under Fed. R. Civ. P. 15, without having opposed the motion.  Even though he had amended, the court noted that the amended complaint appeared to be similar, and ordered Plaintiff to file a response.  (Docket no. 10.)  The Court also ordered Ewing to file a redlined copy of his complaint to show what changes he made, and he has now done this.

/ / /

Ewing filed an initial response, which the Court found to be inadequate because it failed to address the jurisdictional issue. The Court then granted Ewing leave to file a supplemental response, which he has now done. Canopy then filed its reply.

The same parties were involved in litigation of similar claims in 18cv1455-LAB (MSB), *Ewing v. Oasis Media, LLC*. After the parties reached a settlement and filed a joint motion to dismiss, the Court on June 11, 2019 dismissed the action with prejudice, and did not retain jurisdiction to interpret or enforce the settlement agreement.

**Motion to Dismiss**

Ordinarily, the Court would have denied as moot the motion to dismiss, once the amended complaint was filed. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (holding that district court should have deemed motion to dismiss moot after the complaint it applied to was amended). However, because the motion challenged subject matter jurisdiction, the Court is obligated to consider this issue and to confirm its own jurisdiction before proceeding to the merits or allowing the case to proceed further. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998).

Ewing's redline shows that he has made a number of edits to his complaint, including alleging that Canopy itself placed calls to him. These edits appear to have addressed a number of Canopy's motion's arguments. Furthermore, Canopy has asked the Court to take factual information outside the complaint into account. While some of this may be subject to judicial notice, some of it cannot properly be considered at the pleading stage. For example, the briefing asks the Court to accept evidence showing that a different entity, not Canopy, made calls, and that Ewing consented to being called. It may be that Defendants can bring these challenges in a motion for summary judgment or at another later stage of litigation, but they are not properly considered at this point.

The Court will therefore not consider the motion to dismiss to the extent it argues the now-superseded complaint fails to state a claim. Rather, the Court will treat that portion as moot.

Canopy argues that Ewing's claims are subsumed within the previous settled action and that he is in fact attempting to enforce the settlement agreement. Even though the settled claims involved federal questions, the Court would have no jurisdiction to entertain claims to enforce the settlement agreement because the settlement was not incorporated into the order of dismissal and no independent basis for jurisdiction (*e.g.*, diversity) is present. *See Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87 (9th Cir. 1997) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994)) (holding that court had no jurisdiction to enforce settlement of earlier lawsuits, where order of dismissal did not incorporate settlement agreements).

In case 18cv1455, the parties entered into their settlement agreement on April 22, 2019, and it was put on the record before Magistrate Judge Michael Berg. Ewing argues that the Court retained jurisdiction to interpret and enforce the settlement agreement, because during settlement discussions Judge Berg offered to do so. The Court has reviewed the record, and finds Ewing's argument fails. Although Judge Berg said he would retain jurisdiction, the parties never consented to his retention of jurisdiction. This would have entailed waiving their rights to an Article III judge and filing an execution of consent signed by all parties and counsel. *See* 28 U.S.C. § 636(c)(2); Civil Local Rule 73.1(b). If Ewing construes Judge Berg's offer to mean the Court itself (rather than Judge Berg) would retain jurisdiction, Judge Berg had no jurisdiction to grant such a request.

Consistently with its Standing Order in Civil Cases, the Court's order of dismissal expressly did not retain jurisdiction to interpret or enforce the settlement agreement. (*See* Docket no. 89 in case 18cv1455.)  If Ewing thought the order of dismissal erroneously failed to retain jurisdiction, he could have sought reconsideration, or brought an appeal. He did not, and that order is now final.

The amended complaint specifies that it is bringing claims only for calls made to Ewing after the earlier case was dismissed, and specifically disclaims any causes of action arising before then. (FAC, ¶ 11.)  It appears Ewing *may* be attempting to enforce his agreement with Defendants. (*See id.*, ¶ 63 (alleging that Defendants violated the settlement agreement).) On the other hand, he may be raising this issue for some other reason, such as to show that he had not consented to being called, or to show that later violations of the TCPA were committed with scienter.  In any event, all of the FAC's enumerated claims arise either under the TCPA or California's Invasion of Privacy Act; none purport to arise from the settlement agreement.

**Conclusion and Order**

The motion to dismiss is **GRANTED IN PART**. In light of Ewing's disclaimer, any claims accruing before June 11, 2019 or arising from the parties' settlement agreement are **DEEMED ABANDONED**, and are **DISMISSED WITH PREJUDICE**.  In all other respects, the motion is **DENIED**.

**IT IS SO ORDERED**.

Dated:  August 31, 2020

*Larry A. Burns*
Honorable Larry Alan Burns
Chief United States District Judge